■ HERTHA WISEMAN, as Administratrix of the Estate of DONALD WISEMAN, Deceased, Respondent, v. CITY OF NEW YORK, Appellant, et al., Defendant. (Action No. 1.) CHARLES BELEKIS, Plaintiff, v. CITY OF NEW YORK, et al., Defendants. (Action No. 2.) CITY OF NEW YORK, Appellant, v. CHARLES BELEKIS, Respondent. (Action No. 3.) — In three negligence actions (which were consolidated and tried together), arising out of the collision between an automobile and a police car which was responding to an emergency call, the City of New York, as defendant in the first action and as plaintiff in the third action, appeals from so much of a judgment of the Supreme Court, Queens County, rendered October 13, 1959, after a jury trial, as: (1) awards to the plaintiff administratrix in the first action, $118,610.06 against it; and (2) dismisses its complaint in the third action against the defendant Belekis. The judgment was entered upon the jury's verdict of $100,000 in favor of plaintiff administratrix in the first action, and upon the jury's verdict in favor of defendant Belekis in the third action. Judgment, insofar as appealed from, affirmed, with costs to the plaintiff administratrix, and without costs to defendant Belekis, the latter having failed to file a brief on this appeal. No opinion. Kleinfeld, Christ and Pette, JJ., concur; Nolan, P. J., and Brennan, J., dissent and vote to reverse the judgment, insofar as appealed from, to sever the action, and to order a new trial of the issues between the administratrix and the city in her first action for damages for the wrongful death of her intestate, and of the issues between the city and defendant Belekis in the city's third action

for damage to the police car, with the following memorandum: In our opinion the finding implicit in the jury's verdict that the accident complained of was caused by negligence on the part of the driver of the police car is against the weight of the evidence (cf. *Kirk* v. *Magee,* 1 A D 2d 452).